IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Shannon Schaffner | : | |
| 314 Rivermore Drive | : | |
| Marietta, PA 17547 | : | JURY DEMAND |
| | : | |
| Plaintiff, | : | No.: |
| | : | |
| v. | : | |
| | : | |
| Assignment America, LLC. | : | |
| 1560 Lititz Pike #3 | : | |
| Lancaster, PA 17601 | : | |
| | : | |
| Defendant. | : | |

<u>CIVIL ACTION COMPLAINT</u>

And now Plaintiff, Shannon Schaffner, by and through her undersigned counsel, files this Complaint alleging that her rights, pursuant to the Americans with Disabilities Act and its 2008 amendments ("ADA"), 42 U.S.C. § 12101 et seq., the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. § 2601 et seq.; and the Pennsylvania Human Relations Act ("PHRA"), have been violated and avers as follows:

<u>PARTIES</u>

A. <u>The Plaintiff</u>

1.      Plaintiff, Shannon Schaffner, ("Schaffner") is an adult individual residing in Lancaster County at 314 Rivermore Drive, Marietta, PA 17547.

B. <u>The Defendant</u>

2.      Defendant, Assignment America, LLC, ("Defendant") is a Florida limited liability corporation with a headquarters located at 6551 Park of Commerce Blvd., Boca Raton, FL 33487.

3.      Defendant owns and operates an office located in Lancaster County at 1560 Lititz Pike #3, Lancaster, PA 17601. At this facility, Defendant does business under the name "Cross Country Medical Staffing."

4.      Defendant was Plaintiff's employer from September 2004 until her unlawful termination on January 14, 2019.

5.      At all times, met the statutory definition of an "employer" as defined by the ADA, the FMLA, and the PHRA.

<u>JURISDICTION AND VENUE</u>

6.      This Complaint alleges illegal discrimination on the basis of Schaffner's disability status, and retaliation, in violation of the Americans with Disability Act, as amended, 42 U.S.C. § 12101, *et seq*. ("ADA"); retaliation with  Schaffner's rights in violation of the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("FMLA"); and pendent state law claims arising under the provisions of the laws of the Commonwealth of Pennsylvania, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq*. ("PHRA").

7.      Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

8.      This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

9.      Additionally, pursuant to 28 U.S.C. §1367, this Court has Supplemental jurisdiction to hear all of Schaffner's claims arising under the Pennsylvania Human Rights Act ("PHRA").

10.     Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

## ADMINISTRATIVE PROCEEDINGS

11.     On or about April 15, 2019, Schaffner filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC"), which was docketed as PHRC Charge No. 201901932, alleging discrimination, retaliation and wrongful discharge from her employment with Defendant, and dual-filed with the Equal Employment Opportunity Commission ("EEOC") which was docketed as EEOC Charge No. 17F-2020-60095.

12.     Schaffner has been advised of her individual right to bring a civil action by receiving a Notice of Rights from the EEOC, dated October 16, 2020 (attached hereto as "Exhibit A").

13.     Schaffner has exhausted the administrative remedies available to her, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

## STATEMENT OF FACTS

14.     Schaffner was hired by Defendant in September 2004, to work as a scheduling coordinator at its office located at 1560 Lititz Pike #3, Lancaster, PA 17601.

15.     During the course of her employment with Defendant, Schaffner conducted her work responsibilities in an exemplary manner.

16.     On September 29, 2018 Schaffner was rushed to the hospital with a high fever and respiratory distress.  Schaffner's condition quickly worsened and she fell into a coma for seven days.  Schaffner's doctors ultimately determined that Schaffner contracted Legionnaire's Disease.

17.     Schaffner was released from the hospital on or about September 28, 2018. Upon her release, Schaffner's doctors indicated that she would require extensive recovery.

18.     Schaffner applied for continuous Family and Medical Act Leave, which Defendant approved.

19.     On November 30, 2018 Schaffner received a letter from Defendant stating that if she did not return back to work on December 1, 2018 she would be terminated.

20.     Schaffner sought a reasonable accommodation of extended leave for her disability and was denied.

21.     When Schaffner returned back to work she was written up and bullied by her co-workers (i.e., the girls were rude and would talk down to her).

22.     Schaffner was given a nebulizer to wear as per her doctor but did not wear it while working because she was made fun of by her co-workers.

23.     Schaffner needed additional leave for her disability but Defendant refused because she had exhausted her Family Medical Leave Act ("FMLA").

24.     On January 11, 2019, Defendant sent Schaffner sent home for trumped-up, false allegations regarding her performance.

25.     On January 14, 2019, Schaffner was on a conference call with Defendant's representative from human resources who informed her that the company terminated her employment effective immediately.

COUNT I

AMERICANS WITH DISABILITIES ACT

26.     Schaffner incorporates all the preceding paragraphs as if they were set forth at length herein.

4

27.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*,, an employer may not discriminate against an employee based on a disability.

28.     Schaffner is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

29.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

30.     Due to her Legionnaire's Disease, Schaffner suffers from physical and mental impairments, including neurological conditions and significant scarring in her lungs. These conditions substantially interfere with Schaffner's major life activities.

31.     At all times material hereto, Schaffner had a qualified disability, as described above.

32.     Despite her disabilities, Schaffner could perform the essential functions of her job with or without reasonable accommodations.

33.     Defendant's conduct in terminating Schaffner is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

34.     As stated above, Defendant failed to engage in a meaningful back and forth discussion of an accommodation for Schaffner's disability and failed to reasonably accommodate her disability.

35.     Based on the foregoing, Schaffner alleges that Defendant violated the ADA by subjecting her to discrimination on the basis of her actual and/or perceived disabilities and/or records of impairment.

36.     As a proximate result of Defendant's conduct, Schaffner sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Schaffner has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

37.     As a result of the conduct of Defendant's owners/management, Schaffner hereby demands punitive damages.

38.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Stanley demands attorneys fees and court costs.

COUNT II
VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
RETALIATION

39.     Schaffner incorporates all the preceding paragraphs as if they were set forth at length herein.

40.     Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C) Schaffner was eligible for Family and Medical Leave Act Leave.

41.     At all times material, Defendant knew, or should have known, of Schaffner need for FMLA Leave medical leave due to her serious medical condition.

42.     Schaffner gave Defendant sufficient information to allow it to understand that she needed leave for FMLA-qualifying reasons.

43.     Defendant approved Schaffner for leave under the FMLA.

44.     Nonetheless, Defendant terminated Schaffner.

45.     Defendant's motivation for terminating Schaffner was connected causally to

Schaffner's assertion of FMLA leave.

46.     Defendant acted in bad faith by retaliating against Schaffner in violation of the FMLA.

47.      As a direct and proximate result of Defendant's discharge of Schaffner, Schaffner is and was deprived economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Schaffner's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

48.     Schaffner demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Schaffner was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

49.     Schaffner further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

## COUNT III
## VIOLATION of the PENNSYLVANIA HUMAN RELATIONS ACT

50.     Schaffner incorporates all the preceding paragraphs as if they were set forth at length herein.

51.     Based on the foregoing, Schaffner alleges that Defendant violated the Pennsylvania Human Relations Act ("PHRA") by subjecting her to discrimination on the basis of her gender, actual and/or perceived disabilities, and/or records of impairment.  Schaffner further alleges that Defendant violated the PHRA by failing to engage her in the interactive process and provide her with reasonable accommodations for her disabilities.

52.     Schaffner further alleges that Defendant violated the PHRA by retaliating against her for requesting reasonable accommodations.

53.     Defendant's conduct caused Schaffner to sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Schaffner has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

54.     As a result of Defendant's conduct, Schaffner demands punitive damages.

55.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* Schaffner demands attorneys' fees and court costs.

WHEREFORE, Plaintiff Shannon Schaffner demands judgment in her favor and against Defendant in an amount in excess of $150,000.00 together with:

A.  Reinstatement of position with a comparable salary and benefits including, medical, vacation and sick time, in addition to any other associated employee benefits to which she may be entitled.

B.   Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost

benefits, lost future earning capacity, injury to reputation, mental and emotional

distress, pain and suffering;

C.  Punitive damages;

D.  Attorneys fees and costs of suit;

E.  Interest, delay damages; and,

F.  Any other further relief this Court deems just proper and equitable.


LAW OFFICES OF ERIC A. SHORE, P.C.


BY:   /s/Brian M. Doyle                        
        BRIAN M. DOYLE, ESQ.
        Two Penn Center
        1500 JFK Boulevard, Suite 1240
        Philadelphia, PA 19110

        Attorney for Plaintiff, Shannon
Schaffner

Date: 11/19/2020

9

## **VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the

best of my knowledge, information and belief. I understand that false statements herein are made

subject to the penalties of 18 P.A.C.S § 4904, relating to unsworn falsification to authorities.


Nov 18, 2020
_____

Date

Sharon Schaffner (Nov 18, 2020 12:21 EST)
_____

Sharon Schaffner